RIVERA v. RIVERA ET AL.

APPEAL from the District Court of Mayagüez.

No. 26.—Decided May 5, 1904.

UNLAWFUL DETAINER—BY WHOM ACTION MAY BE MAINTAINED.—All persons
who have the actual possession of an estate either as owners, beneficiaries,
or by virtue of any other title which gives them the right to the enjoyment
thereof, and their successors in interest, are legal parties to and may
maintain an action of unlawful detainer.

ID.—AGAINST WHOM IT LIES.—The action of unlawful detainer lies against any
person having the enjoyment or holding an estate, whether rural or urban,
at suffrance, without paying rental, provided that one month's notice to
vacate has been served upon him.

ID.—DEFAULT OF DEFENDANT.—If, in a case of unlawful detainer, the defendant
fails to appear at the oral trial for which he has been cited, he will be con-
sidered as having admitted the facts stated in the complaint, and judgment
by default will be entered.

COSTS.—Judgment having been rendered in an action without special imposition
of costs, if the party in whose favor such judgment has been rendered fails
to appeal from the decision as to costs, or to adhere on this point to the
appeal taken by the other party, such decision will not be disturbed on the
appeal.

STATEMENT OF THE CASE.

The case before us is an action instituted in the District
Court of Mayagüez by Juan E. Rivera, a resident of said
city, against Ramón B. Rivera, Monserrate Valentín, Cle-
mente Vélez, Miguel Rivera and Dámaso Tubens, whose do-
micile and other conditions are not stated, for the unlawful
detainer of certain houses and premises; which case is pend-
ing before us on an appeal in cassation, now ordinary appeal,
taken by Miguel Rivera, who appeared in this Supreme Court
through his attorney Juan Quintero, the latter being made a
party thereto. The plaintiff and the other defendants fail-
ing to appear, service of notice was made upon them in the
court room.

The District Court of Mayagüez, after going through all

desahucio, pronunció sentencia que, copiada á la letra, dice así:

"Sentencia.—En la Ciudad de Mayagüez, á veinte y cuatro de Diciembre de mil novecientos uno.—Visto en juicio oral y público el juicio de desahucio seguido ante este Tribunal, entre partes de la una, Don Juan E. Rivera Rodriguez, mayor de edad y vecino de esta Ciudad, representado y defendido por el Letrado Don Luis Campillo y Abrams, y de la otra, como demandados, Don Ramón B. Rivera, Monserrate Valentín, Clemente Vélez, Miguel Rivera y Dámaso Tubens, en rebeldía todos con excepción de Don Miguel Rivera, que lo representó en estos autos el Licenciado Don Luis Méndez Váz; sobre desalojo de casas y establecimientos.

1°. *Resultando*: que el actor funda su demanda en que es dueño de una fracción de terreno radicada en el barrio de "Ovejas" del Municipio de Añasco de este partido judicial, compuesto de veinte y cuatro cuerdas veinte y dos céntimos más ó menos, dedicados á café y conteniendo casa habitación, casa de máquina, tahona, tres tanques para lavar café. máquina para descascararlo, tres cuadros glasis con sus casillas, un depósito de agua y todo lo demás concerniente á fincas de esta especie; que en las casas y establecimientos se hallaban habitando en calidad de precario, sin pagar merced alguna, los demandados y que, requeridos judicialmente para que en el término de treinta días desalojaran las casas y establecimientos, no lo verificaron á pesar de transcurrir el indicado término.

2. *Resultando*: que con la demanda se acompaña copia del auto dictado por este Tribunal en 17 de Setiembre de 1900, declarándose el dominio entre otras fincas de la antes mencionada á favor del actor, inscrita en el Registro, y las diligencias relativas al requerimiento á los demandados.

3. *Resultando*: que convocadas las partes á una comparecencia en el dia y hora señalados, sólo concurrió el demandado Don Miguel Rivera manifestando no estar conforme con los hechos por ser condueño, siendo declarados en rebeldia los otros demandados.

4. *Resultando*: que conferido traslado de la demanda á los demandados, lo evacuó únicamente Don Miguel Rivera pidiendo se declarara aquella sin lugar con las costas al actor, alegando que este no es dueño en su totalidad de la casa habiticación y demas establecimientos que contiene la finca de que se trata, pues, en unión del terreno en que están enclavados, se hallan proindiviso y pertenecen á la sucesion de Don Santiago Rivera y Doña Juana Cecilia Rodriguez, como

the proceedings of the aforesaid action of unlawful detainer, rendered judgment therein as follows:

"Judgment.—In the city of Mayagüez, December 24, 1901. An oral and public hearing was had of the action of unlawful detainer instituted in this court by Juan E. Rivera Rodríguez, of legal age and a resident of this city, represented by Attorney Luis Campillo y Abrams, against Ramón B. Rivera, Monserrate Valentín, Clemente Vélez, Miguel Rivera and Dámaso Tubens, as defendants, all of whom were declared in default, except Miguel Rivera, who was represented in these proceedings by Attorney Luis Méndez Vaz, to compel them to vacate certain houses and premises.

"Plaintiff bases his right of action on the fact that he is owner of a piece of land situated in *barrio* 'Ovejas,' within the municipal district of Añasco, forming part of this judicial district, consisting of 24.02 *cuerdas,* more or less, devoted to the cultivation of coffee and containing a dwelling-house, an engine house, apparatus for polishing coffee, three tanks for washing coffee, pulping machinery, three masonry platforms or floors for drying coffee, with their huts, a reservoir, and all the other accessories pertaining to an estate of this class; that the houses and premises were occupied by defendants as tenants at sufferance, without paying rent therefore, and that upon their being judicially summoned to vacate said houses and premises within the period of thirty days, they failed to do so, notwithstanding the expiration of said period.

"The complaint was accompanied by a copy of the order made by this court, September, 17, 1900, declaring the ownership of aforesaid estate, along with others, in favor of the plaintiff, said estate being recorded in the Registry of Property; and the papers relating to the service of notice upon the defendants.

"The parties having been cited to appear on the day set therefor, the only one who did appear was the defendant Miguel Rivera, who demurred to the complaint on the ground that he was a joint owner of the property, the other defendants being declared in default.

"Notice of the complaint having been served on the defendants, it was answered only by Miguel Rivera, who prayed that the same be dismissed, with costs against the plaintiff, alleging that the dwelling-house and other appurtenances of the estate in question are not wholly the property of said plaintiff, because, together with the land on which they are situated, they are held in common and belong to the estate of Santiago Rivera and Juana Cecilia Rodríguez, as shown by

se demuestra por el documento privado que acompaña, y por tal circunstancia, formando parte el demandado de aquella sucesión, no es cierto que habite en precario la casa y establecimientos sino como partícipe de ellos.

5. *Resultando*: del documento privado que presenta el demandado Rivera; que Don Sandalio Rivera, Don Ramón García en representación de su esposa, y Don Miguel Rivera, partícipes todos de la finca de café que fué de la Sucesion de Don Santiago Rivera y de Doña Juana Cecilia Rodríguez convinieron en dividir la finca en* la proporción que allí se indica, haciendose constar indivisible la plaza y establecimientos, sesenta y seis céntimos de cuerda.

6. *Resultando*: que convocadas las partes á comparecencia para proponer prueba, lo hicieron en el dia y hora señalado y admitido, se practicó sóla la relativa á la parte actora, trayéndose certificaciones de las inscripciones posesorias á favor del anterior dueño de la finca que figuraban en el expediente posesorio y certificación del Registrador de la Propiedad, creditiva de aparecer hechas las inscripciones de posesión y que consta citado en el expediente como colindante Don Miguel Rivera.

7. *Resultando*: que en el dia y hora señalado para el juicio oral, concurrió solamente el actor que expuso lo que creyó conveniente a su derecho, vetandose en esta fecha en público la sentencia.

8. *Resultando*: que en la sustanciación de estos autos se han observado las prescripciones legales. Siendo Ponente el Sr. Juez Asociado Don James E. Erwin.

1. *Considerando*: que son parte legitima para promover el juicio de desahucio los que tengan la posesión real de la finca á título de dueños, de usufructuarios ó cualquier otro que les dé derecho á disfrutarla y sus causa-habientes. Artículo 1562 de la Ley de Enjuiciamiento Civil.

2. *Considerando*: que procede el desahucio contra cualquier persona que disfrute ó tenga en precario la finca, sea rústica ó urbana sin pagar merced, siempre que fuese requerida con un mes de anticipación para que la desocupe. Art. 1563, caso 3 de dicha Ley.

3. *Considerando*: que no habiendo comparecido los demandados Don Ramón B. Rivera, Monserrate Valentín, Clemente Vélez y Da-

the accompanying private document, and therefore, inasmuch as the defendant forms part of said estate, it is not true that he occupies the house and premises as a tenant at sufferance, but in the capacity of a joint owner thereof.

"From the private document produced by the defendant Rivera it appears that Sandalio Rivera, Ramón García, as the representative of his wife, and Miguel Rivera, all joint owners of the coffee plantation that had belonged to the estate of Santiago Rivera and Juana Cecilia Rodríguez, agreed to divide the property in the proportion indicated in said document, the *plaza* and establishments, covering sixty-six hundredths of a *cuerda,* to remain undivided.

"The parties being summoned to appear for the submission of evidence, they did so on the appointed day and hour, and their evidence being admitted, that only relating to the party plaintiff was taken, consisting of certificates of the records of possession in favor of the previous owner of the estate which had been attached to the record of the posessory proceedings, and a certificate from the registrar of property to the effect that the records of possession were duly entered, Miguel Rivera being mentioned therein as an adjacent property owner.

"On the day and hour set for the oral trial only the plaintiff appeared, who presented such arguments as were deemed by him most pertinent in support of his claim, the judgment being publicly voted on the same day.

"In the conduct of these proceedings all the legal formalities have been observed.

"Judge James E. Erwin prepared the opinion of the court, as follows:

"All persons legally entitled to the possession of the estate, either as owners, beneficiaries, or by virtue of any other title which gives them the right to enjoy the estate, and their successors in interest, are legal parties to institute an action of unlawful detainer. (Article 1562 of the Law of Civil Procedure.)

"An action of unlawful detainer may be prosecuted against any person enjoying the products of the property, or who may be a tenant at sufferance, without paying rental thereon, whether such property is a rural or urban estate, provided one month's prior notice is given to vacate the same. (Article 1563, subdivision 3, of the law above cited.)

"The defendants, Ramón B. Rivera, Monserrate Valentín, Clemente Vélez and Dámaso Tubens not having appeared at the oral

maso Tubens, al juicio verbal para que se les convocó, debe estimárseles conformes con los hechos expuestos en la demanda, al tenor del art. 1591 de la repetida ley.

4. *Considerando* : que el demandante ha justificado tener la posesión real de la finca de que se trate á título de dueño, y por tanto es parte legítima para promover el juicio.

5. *Considerando* : que el demandado Don Miguel Rivera manifiesta poseer las casas y establecimientos, como partícipe de ellos, pero no lo justifica, porque el documento acompañado, además de no acreditarse su legitimidad, tampoco se evidencia que se trate de los mismos edificios de cuyo desalojo se pretende, y debe estimársele como poseedor en precario.

6. *Considerando* : que en los casos como el presente, debe resolverse en cuanto á las costas conforme á equidad.

*Vistas* las disposiciones citadas y demás de general aplicación.

...*Fallamos* : que debemos declarar y declaramos con lugar el desahucio establecido, apercibiendo á los demandados de lanzamiento si no desalojan las fincas dentro de los términos establecidos en la Ley, sin especial condenación de costas. Notifíquese á los demandados rebeldes en la forma legal. Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Arturo Aponte, J. A. Erwin, Pascasio Fajardo.


*Resultando* : que contra la anterior sentencia interpuso Don Miguel Rivera recurso de casación por infracción de ley, y elevados los autos á esta Corte Suprema, se sustanció el recurso como de apelación, cumpliendo con la Ley de la Asamblea Legislativa de esta Isla de 12 de Marzo de 1903, señalándose día para la vista, que tuvo lugar sin la asistencia de las partes.

Abogado del apelante: *Sr. Quintero.*

Las partes apeladas no comparecieron.

EL JUEZ ASOCIADO, SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia recurrida, menos el último considerando, y

*Considerando* : que contra la sentencia de la Corte de Dis-

trial to which they were cited, they must be considered as having agreed as to the facts set up in the complaint, according to the provisions of article 1591 of the said law.

"The plaintiff has proved that he is in the actual possession of the property in question under title of ownership, and therefore he is a legal party to the suit.

"The defendant Miguel Rivera states that he is in possession of houses and buildings, as a co-owner thereof, but he has not proved this fact, because not only is the authenticity of the document attached to his answer not shown, but it is not shown that it refers to the same buildings, the vacation of which is demanded, and he must therefore be considered as a tenant at sufferance.

"In cases like the present one costs should be imposed in accordance with equity.

"In view of the authorities cited, and others of general application, we adjudge that we should sustain and do sustain the complaint filed in this action of unlawful detainer, and the defendants are hereby notified that they will be ejected from the said properties if they fail to vacate the same within the time provided for by the law, without special imposition of costs. The defendants in default are ordered to be notified in acordance with law. Thus by this our judgment do we finally pronounce, command and sign.—Arturo Aponte, J. A. Erwin, Pascasio Fajardo."

From the foregoing judgment Miguel Rivera took an appeal in cassation for error of law and the record having been sent up to this Supreme Court, the appeal was conducted as an ordinary appeal, in compliance with the act of the Legislative Assembly of this Island, approved March 12, 1903, a day having been set for the hearing, which took place without the appearance of the parties.

*Mr. Quintero,* for appellant.

The respondents did not appear.

MR. JUSTICE FIGUERAS, after stating the foregoing facts, delivered the opinion of the court.

We accept the findings of fact and the conclusions of law contained in the judgment appealed from, with the exception of the last conclusion of law.

The defendant has not appealed from the judgment of the

trito de Mayagüez, en cuanto ordena se entiendan las costas sin especial condenación, no ha interpuesto recurso de apelación la parte demandante, ni tampoco sobre este punto se ha adherido al interpuesto por uno de los demandados, debiendo por tanto quedar subsistente aquel pronunciamiento por ministerio de la Ley.

*Vistas* las disposiciones que en el fallo recurrido se citan y los artículos 358, 371 de la Ley de Enjuciamiento Civil.

*Fallamos*: que debemos confirmar y confirmamos la sentencia que dictó la Corte de Distrito de Mayagüez en 24 de Diciembre de 1901, declarando con lugar la demanda de desahucio promovida por Don Juan E. Rivera con los demás pronunciamientos del caso, é imponemos las costas de este recurso al apelante Don Miguel Rivera, y devuélvanse los autos á la Corte de su procedencia con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Sulzbacher y MacLeary.

---

ALCALÁ DEL OLMO *v.* SUCESIÓN FERNANDEZ.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 113.—Resuelto en Mayo 5, 1904.

APELACIÓN—SENTENCIA DEFINITIVA.—El recurso de apelación solo procede contra las resoluciones definitivas, entendiéndose por tales las que pongan término al pleito ó hagan imposible su continuación.

ID.—La Ley de Marzo 12, 1903, transformando el Tribunal Supremo de Casación en Tribunal de Apelación, dejó subsistentes las disposiciones de los artículos 1687 y 1688 de la Ley de Enjuiciamiento Civil.

ID.—La jurisdicción de apelación conferida á la Corte de Distrito de San Juan por la O. G. No. 118 de 1899, estaba limitada á la resolución del a apelación que estuviera pendiente, y desde ese momento el conocimiento del asunto corresponde á la Corte de Distrito á que perteneciera el Juzgado de Primera Instancia en que originalmente se entablara el pleito.

District Court of Mayagüez, in so far as the same provides that there shall be no special imposition of costs, nor has he joined in the appeal, on this point, taken by one of the defendants, for which reason, in accordance with law, the decision of the court below upon that point should be sustained.

In view of the authorities cited in the judgment appealed from, and articles 358 and 371 of the Law of Civil Procedure, we adjudge that we should affirm and do affirm the judgment rendered by the District Court of Mayagüez on December 24, 1901, sustaining the complaint in the action of unlawful detainer filed by Juan E. Rivera, as well as the other findings of the court below in this case, and the costs of the appeal are hereby taxed against the appellant, Miguel Rivera. The record herein is ordered to be returned to the court below, together with the proper certificate.

Chief Justice Quiñones and Justices Hernández, Sulzbacher and MacLeary concurred.